### IN THE

## 𝔖𝔲𝔭𝔯𝔢𝔪𝔢 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔱𝔥𝔢 𝔖𝔱𝔞𝔱𝔢 𝔬𝔣 𝔊𝔢𝔬𝔯𝔤𝔦𝔞,

## AT ATLANTA,

## MARCH TERM, 1862.

---

PRESENT—JOSEPH H. LUMPKIN, ⎫
RICHARD F. LYON, ⎬ JUDGES.
CHARLES J. JENKINS, ⎭

---

JOHN H. MACREA, plaintiff in error, *vs.* Q. R. NOLAN,
defendant in error.

1. A claimant who, pending the trial of his case, and before verdict, voluntarily withdraws his claim from the Court, cannot afterwards except to any decision of the Court made prior to such withdrawal. There remains no case in which an appeal can be taken to this Court.

Claim, in Fulton Superior Court, on appeal. Tried before Judge BULL, at April Term, 1861.

The writ of error in this case was dismissed on motion of counsel for defendant in error, on the ground that it appeared from the record that plaintiff in error had no case in the Court below on which to found his bill of exceptions.

The record discloses that Nolan brought an action in Fulton Inferior Court against Williams and Baker, and Holland as endorser, and obtained a judgment. In entering up judgment Holland was not designated as endorser, and execution

(205)

issued against Williams, Baker and Holland jointly. Holland paid off the *fi. fa.*, and then caused it to be levied on certain negroes, the property of his co-defendant, Baker. Macrea interposed his claim, and the case was transferred to the Superior Court by appeal. Upon the trial the Court permitted these facts to be proven by the introduction of the original declaration on which the judgment was founded, and by other evidence. Claimant objected to the admission of this evidence, and after it was admitted by the Court he withdrew his claim and brought his bill of exceptions.

STONE, for plaintiff in error.

HOYT, for defendant in error.

*By the Court*—JENKINS, J., delivering the opinion.

It appears from the record, that at the time the bill of exceptions was filed in the Court below, there was no such case as this in that Court, and yet there is no exception to any judgment of the Court, dismissing the case or finally disposing of it. If the record disclosed any such judgment, and an exception thereto, it would have been superceded by the bill of exceptions, and the consideration not only of that alleged error, but of all others alleged and properly excepted to as having been committed in the progress of the trial, would have been open to us. But the truth is, that the claimant, dissatisfied with a decision of the Court admitting certain evidence to which he objected, voluntarily withdrew his claim, as the law allows, and then excepted to the supposed erroneous ruling. Had he prosecuted his claim and had final judgment passed against him, we might have overruled that final judgment by reason of error in the admission of evidence. But were we now to hear this case on its merits, and adjudge that the ruling of the Court was erroneous, it could avail the plaintiff in error nothing. His voluntary withdrawal of his case would stare him in the face when he presented our judgment of reversal. Against that we cannot relieve him. It was an error of his own, not of the Court. He must inter-

pose another claim or remain in the position he voluntarily assumed, viz: that of having abandoned a right he had previously asserted. He had no longer, in the Court below, a case in which an appeal could be taken to this Court.

The motion of the defendant in error must prevail.

Let the writ of error be dismissed.